J-S26011-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| NATHAN RYAN LENHARDT | : | |
| | : | |
| Appellant | : | No. 71 MDA 2025 |

Appeal from the Judgment of Sentence Entered December 17, 2024
In the Court of Common Pleas of Berks County Criminal Division at
No(s):  CP-06-CR-0002410-2018

BEFORE:  LAZARUS, P.J., OLSON, J., and BECK, J.

MEMORANDUM BY LAZARUS, P.J.:                    **FILED: NOVEMBER 4, 2025**

Nathan Ryan Lenhardt appeals from the judgment of sentence, entered in the Court of Common Pleas of Berks County, following his convictions of one count each of possession of a firearm with altered manufacturer's number[1] and carrying firearm without a license.[2]  Additionally, Lenhardt's counsel, William Bispels, Esquire, has filed an application to withdraw as counsel, and an accompanying **Anders**[3] brief.  Upon review, we deny Attorney Bispels' application to withdraw and direct him to file a compliant advocate's brief consistent with this memorandum.

_____

[1] 18 Pa.C.S.A. § 6110.2(a).

[2] **Id.** at § 6106(a)(1).

[3] **Anders v. California**, 386 U.S. 738 (1967); **Commonwealth v. McClendon**, 434 A.2d 1185 (Pa. 1981); **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009).

On May 1, 2018, Officer Kyle Morgan of the Eastern Berks Regional Police Department[4] was dispatched to 533 East 2nd Street for a parking complaint. Notably, the house adjacent to 533 East 2nd Street, 531 East 2nd Street, was a suspected drug house. Officer Morgan was aware that, in the eight months prior to his interaction with Lenhardt, there had been three overdoses and one drug-related rape at 531 East 2nd Street. Additionally, Officer Morgan had knowledge that the residents of 533 East 2nd Street had called in several parking complaints over the past several months, specifically, they complained that people had been parking behind 533 East 2nd Street, without permission, and entering 531 East 2nd Street.

The instant parking complaint detailed that a motorcycle was parked, without permission, behind 533 East 2nd Street. Officer Morgan responded at 10:22 a.m. and observed a motorcycle parked behind 533 East 2nd Street. The motorcycle was parked on private property, not on the alleyway. Officer Morgan approached the motorcycle and observed that it bore no registration plate, was welded together from multiple different motorcycles, and had been poorly repainted. Officer Morgan located the vehicle identification number (VIN), but the VIN did not match any vehicle, let alone the motorcycle. Based upon these observations, Officer Morgan believed the motorcycle to be stolen

---

[4] Officer Morgan testified that, at the time of the offenses, he worked for the Boyerstown Police Department, which subsequently merged with the Colebrookdale Police Departments to form the Eastern Berks Regional Police Department. *See* Omnibus Pre-Trial Hearing, 4/4/24, at 7.

or comprised of stolen parts. Thus, Officer Morgan set up surveillance of the motorcycle and waited for someone to approach.

Approximately one hour later, Lenhardt approached the motorcycle with a woman, later identified as Autumn Cannon.[5] Officer Morgan did not see Cannon or Lenhardt exit from any building, and was unable to discern whether they came from 533, 531, or any of the other structures nearby. Officer Morgan approached them and asked Lenhardt if it was his motorcycle. Officer Morgan and Lenhardt had a polite and cooperative conversation, during which Lenhardt admitted that the motorcycle was his and communicated that he had purchased the motorcycle on an app. However, Lenhardt was unable to provide any registration, insurance, or title documents.

After learning that Lenhardt had no documentation for the motorcycle, Officer Morgan initiated a pat down. Officer Morgan raised his hands up, indicated that he was going to pat down Lenhardt for weapons, and asked whether Lenhardt had any weapons on him. Lenhardt responded that he had a loaded .357 Taurus handgun in his back waistband. Officer Morgan located the weapon and rendered it safe. Officer Morgan noticed that the serial number was filed off. Ultimately, Lenhardt was arrested and taken to the

---

[5] Cannon was not charged in relation to this event. It appears that, other than being present for Officer Morgan and Lenhardt's interaction, Cannon was entirely uninvolved in this case.

police station, where he was read his ***Miranda***[6] rights and agreed to give a statement.

Lenhardt was charged with the above-mentioned firearm offenses. On September 10, 2018, Lenhardt filed an omnibus pre-trial motion[7] that, relevantly, included a motion to suppress evidence, alleging that Officer Morgan lacked reasonable suspicion to conduct a pat down and, thus, the firearm and his subsequently ***Mirandized*** statements should have been suppressed as fruit of the poisonous tree. After multiple extensions including, but not limited to, Lenhardt's failures to appear and the defense's own requests for continuances, on April 4, 2024, the trial court conducted a suppression hearing and, on May 22, 2024, denied Lenhardt's motion to suppress.

On August 23, 2024, Lenhardt proceeded to a non-jury trial and was convicted of the above-mentioned offenses. On December 17, 2024, the trial court sentenced Lenhardt to 30 months' to six years' incarceration and a concurrent seven-year period of probation. Lenhardt's sentence was deferred pending his appeal. Lenhardt did not file any post-sentence motions.

Lenhardt filed a timely notice of appeal and both Lenhardt and the trial court have complied with Pa.R.A.P. 1925. On May 13, 2025, Attorney Bispels

---

[6] ***Miranda v. Arizona***, 384 U.S. 436 (1966).

[7] The omnibus pre-trial motion also included a habeas corpus petition, which the trial court granted on May 22, 2024, and dismissed a charge of person not to possess.

filed an *Anders* brief in this Court and an accompanying application to withdraw. Lenhardt has not retained alternate counsel or filed a *pro se* response raising any additional issues. On August 12, 2025, this Court concluded that Attorney Bispels' *Anders* brief was deficient and, as a result, denied Attorney Bispels' application to withdraw and directed that he file either a new advocate's brief or a compliant *Anders* brief. *See Commonwealth v. Lenhardt*, 2025 WL 2320443 (Pa. Super. 2025) (unpublished memorandum decision). On September 11, 2025, Attorney Bispels filed the instant *Anders* brief and application to withdraw as counsel.

Before addressing Lenhardt's issues on appeal, we must again determine whether Attorney Bispels has complied with the dictates of *Anders* and its progeny in petitioning to withdraw from representation. *See Commonwealth v. Mitchell*, 986 A.2d 1241, 1243 n.2 (Pa. Super. 2009) ("[w]hen presented with an *Anders* brief, this Court may not review the merits of the underlying issues without first passing on the request to withdraw"). Pursuant to *Anders*, when counsel believes that an appeal is frivolous and wishes to withdraw from representation, he or she must:

> (1) petition the court for leave to withdraw stating that after making a conscientious examination of the record and interviewing the defendant, counsel has determined the appeal would be frivolous, (2) file a brief referring to any issues in the record of arguable merit, and (3) furnish a copy of the brief to defendant and advise him of his right to retain new counsel or to raise any additional points that he deems worthy of the court's attention. The determination of whether the appeal is frivolous remains with the court.

***Commonwealth v. Burwell***, 42 A.3d 1077, 1083 (Pa. Super. 2012) (citations omitted).

Additionally, the Pennsylvania Supreme Court has explained that a proper ***Anders*** brief must:

> (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

***Santiago***, 978 A.2d at 361.

After determining that counsel has satisfied the technical requirements of ***Anders*** and ***Santiago***, this Court must then "conduct a simple review of the record to ascertain if there appears on its face to be arguably meritorious issues that counsel, intentionally or not, missed or misstated." ***Commonwealth v. Dempster***, 187 A.3d 266, 272 (Pa. Super. 2018) (en banc).

Instantly, Attorney Bispels filed an ***Anders*** brief and a separate application to withdraw from representation. In his ***Anders*** brief, Attorney Bispels stated he made a "thorough" review of the record and concluded Lenhardt's appeal is frivolous. ***See Anders*** Brief, at 17. Attorney Bispels sent Lenhardt a letter informing him of Attorney Bispels' intention to withdraw, and advising Lenhardt of his right to proceed *pro se* or retain alternate counsel. The record reflects that Attorney Bispels furnished Lenhardt with copies of the

petition to withdraw and the **Anders** brief. Attorney Bispels has substantially complied with the requirements for withdrawing from representation and, therefore, we will examine the record and make an independent determination of whether Lenhardt's appeal is, in fact, wholly frivolous.

Preliminarily, it appears that Attorney Bispels, in asserting that Lenhardt's appeal is wholly frivolous, has identified a non-frivolous issue: whether Officer Morgan possessed the requisite reasonable suspicion to conduct a frisk of Lenhardt. It is clear to this Court that Officer Morgan possessed the requisite reasonable suspicion to stop Lenhardt and question him regarding the motorcycle, due to its welded-together nature, and VIN that did not appear to be assigned to any vehicle, let alone the motorcycle. Such evidence supports a reasonable suspicion that the motorcycle may have been stolen or may have been a vehicle not permitted on the roadways of the Commonwealth. Nevertheless, such evidence does not, automatically, support a conclusion that Officer Morgan possessed the reasonable suspicion to frisk Lenhardt for weapons. **See Commonwealth v. Mackey**, 177 A.3d 221, 227 (Pa. Super. 2017) (reasonable suspicion of unlawful activity sufficient to justify investigative detention, but does not necessarily justify frisk for weapons); **Commonwealth v. Dix**, 207 A.3d 383, 388 (Pa. Super. 2019) (weapons frisk only appropriate where officer reasonably believes suspect may be armed and dangerous).

By no means is this Court convinced that Lenhardt is entitled to relief on the issue we have identified. However, the claim is not so obviously devoid of merit so as to warrant classifying this appeal as frivolous. *See Commonwealth v. Tukhi*, 149 A.3d 881, 890 (Pa. Super. 2016); *see also Commonwealth v. Orellana*, 86 A.3d 877, 881 (Pa. Super. 2014) ("If the court finds any of the legal points arguable on their merits (and therefore not frivolous) it must, prior to decision, afford the indigent the assistance of counsel to argue the appeal.") (quoting *Anders*, 386 U.S. at 742); *Commonwealth v. Wrecks*, 931 A.2d 717, 721 (Pa. Super. 2007) ("[I]f there are non-frivolous issues [present in an *Anders* brief], we will deny the petition [to withdraw] and remand for the filing of an advocate's brief."). Furthermore, we note that frivolous and meritless are distinct concepts. *See Commonwealth v. Hipps*, 274 A.3d 1263, 1271 n.3 (Pa. Super. 2022) ("frivolousness is a slightly higher standard than lack of merit; an argument may be meritless, but not frivolous") (citations and quotation marks omitted); *Commonwealth v. Smith*, 700 A.2d 1301, 1305 n.10 (Pa. Super. 1997) (appeal frivolous where it lacks any basis in law or fact).

In light of the foregoing, we again deny Attorney Bispels' application to withdraw and direct him to file an advocate's brief within 30 days of the date of this memorandum. Attorney Bispels' advocate's brief shall contain the above-mentioned issue and any other issue that he believes may be meritorious. The Commonwealth may file a responsive brief within 30 days

thereafter. Attorney Bispels may then file a reply brief within 14 days thereafter.

Application to withdraw denied. Panel jurisdiction retained.